862 F.2d 871
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Palmer B. ROTT, Defendant-Appellant.
 No. 88-5015.
 United States Court of Appeals, Fourth Circuit.
 Argued: Nov. 4, 1988.
Decided: Nov. 23, 1988.
 
 Jeffrey L. Shrom, for appellant.
 Daniel Newton Brodersen (William S. Rose, Jr., Assistant Attorney General, Gary R. Allen, Robert E. Lindsay, Tax Division, Department of Justice; Henry E. Hudson, United States Attorney, Kent S. Robinson, Assistant U.S. Attorney, on brief), for appellee.
 Before HARRISON L. WINTER, Chief Judge, and WIDENER and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Palmer B. Rott was convicted by a jury of willfully attempting to evade and defeat his federal income tax liability for the years 1982 and 1983. He appeals and we affirm the judgment of conviction.
 
 
 2
 Rott's principal contention is that wages are not income. Stated otherwise, he asserts that providing labor for compensation does not result in a gain which may be taxed as income. Thus, he argues, the indictment against him should have been dismissed, and the district court committed reversible error when it told the jury that, as a matter of law, wages and pensions are income.
 
 
 3
 These contentions are legally frivolous, and we reject them.
 
 
 4
 Next, we see nothing exceptionable in the district court's instructions to the jury on willfulness. The jury was told that the standard was a subjective one, and that if it found that Rott "had a bona-fide misunderstanding of the law" and that "he believed he was acting within the law," then his actions would not be willful, and he should be found not guilty.
 
 
 5
 Finally, we reject Rott's argument that he was denied due process of law at the administrative level because the government failed to comply with the regulations set forth in 26 C.F.R. Sec. 601.105. The contention is unavailing, because the regulations by their terms apply to returns filed by a taxpayer, and Rott filed no returns. Moreover, the regulations have no application when a criminal prosecution is under consideration.
 
 
 6
 AFFIRMED.